UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOLEEN DELGADO,

                Plaintiff,

-against-

KEVIN F. RUSSO; JAKE SISCO; RONALD WARD; RONALD V. DeCAPRIO; STATE OF NEW YORK,

                Defendants.

25-CV-1947 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her federal constitutional rights and engaged in criminal conduct. (ECF No. 1.) By Order dated March 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 7.) The Court dismisses this action for the reasons set forth below but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id.* at 678.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 79.

**BACKGROUND**

In this complaint, Plaintiff sues Defendants Rockland County Judges Kevin F. Russo and Ronald V. DeCaprio; Rockland County Sheriff's Department employees Jake Sisco and Ronald Ward; and the State of New York ("Defendants").  (ECF No. 1.)  The events giving rise to this complaint began in Plaintiff's place of business, Joleen's Beauty Bar, in Haverstraw, New York.  (*Id.* ¶ III.)  Plaintiff alleges that on August 12, 2024, Plaintiff filed a police report against a

coworker for "targeting" her, "vandalizing" Plaintiff's business, and committing "fraud [and leaving] w/out paying rent & breaking contract."[1] (*Id.*)  "Hours later," Plaintiff was "pulled over" on Route 9W North and falsely accused of "driving intoxicated," although there was "no accident/no victim/no injury."  (*Id.*)  Plaintiff was released three hours later without a "probable cause hearing."  (*Id.*)  Plaintiff alleges that she later saw a photograph of Judge DeCaprio and her former coworker on Facebook.  (*Id.*)

On February 27, 2025, Defendants Sisco and Ward arrested Plaintiff on a warrant signed by Judge Russo, but they did not show the warrant to her or allow her to close up her business.  (*Id.*)  Additionally, they "illegally posted" Plaintiff's mugshot, sent her "to doctors, psychiatrists, nurses," and kept her in a cell for over 24 hours.  (*Id.*)

The complaint contains allegations about individuals who are not named as defendants, whom Plaintiff alleges are friends with Judge DeCaprio and "seemed to be a mafia organization acting as lawyers and judges."  (*Id.*)  Plaintiff also alleges facts that do not appear to be related to any possible claims against the named Defendants.  (ECF 1-1 at 2-3.)  Plaintiff has filed a number of lawsuits in this court that include overlapping and possibly related events, and in this complaint she asserts that Defendants are retaliating against her because she filed those prior lawsuits.[2]  (*Id.*)

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[2] *See Delgado v. State of New York*, No. 25-CV-2189 (KMW) (S.D.N.Y. June 10, 2025) (dismissing complaint against State of New York, Judge Russo, and Rockland County Court on the grounds of Eleventh Amendment immunity, judicial immunity, and *Younger* abstention); *Delgado v. Russo*, No. 25-CV-1822 (LTS) (S.D.N.Y. filed Mar. 13, 2025) (dismissing complaint as improper *qui tam* action against Judge Russo); *Delgado v. Commerica Bank*, No. 25-CV-234 (CS) (S.D.N.Y. filed Jan. 10, 2025) (directing Plaintiff to file an amended mandamus petition); *Delgado v. People of the State of New York*, No. 24-CV-9071 (JGLC) (S.D.N.Y. Jan. 6, 2025) (holding that the removal of Plaintiff's state-court criminal matter to this court was improper and ordering remand), *recons. denied* (S.D.N.Y. Mar. 6, 2025), *appeal dismissed as frivolous*, 25-581

Plaintiff alleges that Defendants have violated federal criminal statutes, including 18 U.S.C. §§ 242, and 2340, by engaging in "torture" and causing her "severe mental anguish," for which she seeks $40 million in damages. (*Id.* ¶ V.) The Court construes Plaintiff's other claims as arising under 42 U.S.C. §1983.

## DISCUSSION

**A.     Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Gollomp, 568 F.3d at 366 (alteration and citation omitted). Rockland County Court is a part of the New York State Unified Court System, which is "unquestionably an 'arm of the State.'" *Id.* at 368 (internal quotation marks and citation omitted). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York and Rockland County Court because such claims are barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal of an action that seeks monetary relief against a defendant who is immune from such relief).

---

(2d Cir. Sept. 25, 2025); *Delgado v. State of New York*, No. 24-CV-9165 (LTS) (S.D.N.Y. Dec.18, 2024) (dismissing complaint against State of New York and Judge Russo for failing to pay filing fees or seek leave to proceed IFP).

B.     **Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). The doctrine applies "even when such acts are in excess of [a judge's] jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff fails to allege any facts to suggest that Judge Russo and Judge DeCaprio acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See* Mireles, 502 U.S. at 11-12. Because Plaintiff sues the judges for "acts arising out of, or related to, individual cases before" them, they are immune from suit for money damages. *Bliven*, 579 F.3d at 210.

In contrast, "a judge is not absolutely immune . . . from a suit for prospective injunctive relief." *Mireles*, 502 U.S. at 10 n.1 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-43 (1984)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order) ("[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief."). Nevertheless, a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

5

decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Moreover, "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *Shtrauch*, 651 F. App'x at 74 (holding that plaintiff was not entitled to declaratory relief against judicial officer where plaintiff "alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law").

Plaintiff is not entitled to injunctive relief in this action against Judges Russo or DeCaprio because Plaintiff has "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief," despite the availability of mechanisms for such relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). "[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)); *see* United States ex rel. Van Stuyvesant v. Swain, No. 24-CV-3598, 2024 WL 3105588, at *2 (S.D.N.Y. June 20, 2024) (Engelmayer, J.) (dismissing plaintiff's claims for injunctive relief against several judges, in part because plaintiff did not seek to remedy a prospective harm).

The Court therefore dismisses Plaintiff's claims against Judges Russo and DeCaprio based on absolute judicial immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, Plaintiff's claims for damages seek monetary relief against a defendant who is immune from such relief and are consequently frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### C. Claims Under Criminal Statutes

Plaintiff cannot assert claims under federal criminal statutes. The "decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (per curiam). Additionally, neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding because only prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Accordingly, Plaintiff lacks standing to cause the federal criminal prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973). The Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including the defendants. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim." (internal quotation marks and citation omitted)).

### D. Claims Under State Law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

7

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### E. Leave to Amend is Granted

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff is proceeding *pro se*, the Court, in an abundance of caution, grants her leave to amend her complaint to replead her claims should she wish to do so.

As discussed earlier in this order, Plaintiff has filed other complaints against some of the same Defendants, and her claims against them were dismissed on a variety of grounds, including immunity, lack of subject matter jurisdiction, or failure to state a claim on which relief may be granted. Should facts exist to support a plausible claim under Section 1983 against a suable defendant, Plaintiff needs to assert them in a manner that complies with federal pleading rules. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).[3]

---

[3] Plaintiff has already been alerted that this Court cannot intervene in her pending state-court criminal proceedings. *See Delgado v. State of New York*, No. 25-CV-2189 (KMW) (S.D.N.Y. June 10, 2025) (citing *Younger v. Harris,* 401 U.S. 37 (1971).

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for the reasons set forth in this complaint.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Fed. R. Civ. P. 12(h)(3).  The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.  *See* 28 U.S.C. § 1367(c)(3).  The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

                                              /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                          United States District Judge